UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

THE TERREMORE TRUST,

              Plaintiff,

       v.

JAMES J. SCHIRO,
ZURICH FINANCIAL SERVICES, and
JOHN DOES 1 through 4,

            Defendants.

No. CV-04-370-FVS

ORDER GRANTING MOTION TO DISMISS

**BEFORE THE COURT** is the Defendants' Motion to Dismiss, Ct. Rec. 18.  The Defendants, Zurich Financial Services (ZFS) and James Schiro, are represented by Gregory Johnson and Donald Stone.  The Plaintiff Terremore Trust is represented by *pro se* litigant Terrence L. Mosely.

**I.   BACKGROUND**

Mr. Mosely was involved in an automobile accident on June 1, 2001, with Jan Supanchick.  Ms. Supanchick had previously been insured by Farmers Insurance, but was not insured at the time of the accident.  Shortly after the accident she went into a Farmers Insurance office to renew her insurance coverage.  Coverage was initiated with a start time of 12:01 a.m. on June 1, 2001, the day of the accident.  However, thereafter, Farmers Insurance discovered that Ms. Supanchick's accident occurred before she renewed her coverage.

Consequently, her coverage start time was amended to reflect the time she walked into the Farmers Insurance office, after the accident.

Mr. Mosely filed a claim with Farmers Insurance seeking compensation for property damage to his vehicle.  He was compensated $1,270.34 for repairs to his vehicle.  In July of 2001, Mr. Mosely contacted a local Farmers Insurance office about receiving medical benefits for injuries resulting from the automobile accident.  On August 16, 2001, Mr. Mosely received a letter from Farmers Insurance stating Mr. Mosely would not be getting medical benefits because Ms. Supanchick's policy was not in force at the time of the accident. Farmers Insurance informed Mr. Mosely that it would not seek reimbursement for the money it paid Mr. Mosely for car repairs. Mosely later received $5,900 from his own insurance company for medical therapy and special damages in July and August 2001.

Thereafter, Mr. Mosely filed a consumer complaint against Farmers Insurance with the Office of the Insurance Commissioner (OIC).  Mr. Mosely alleged that Farmers Insurance used "threat(s), intimidation, unlawful coercion, and oppression" in denying Mr. Mosely's personal injury claim.  Complaint, Exhibit Letter from William Kirby, OIC Staff Attorney, to Terrence Mosely dated 1/29/02. Next, Mr. Mosely filed a Notice of Mediation and Notice of Intent to Arbitrate against Farmers Insurance and its claims professionals pursuant to RCW 11.96A.300.  Farmers Insurance declined to participate in mediation or arbitration because RCW 11.96A.300 governs trusts and estate disputes, not insurance disputes.

In February 2003, Mr. Mosely pursued litigation against Farmers

ORDER GRANTING MOTION TO DISMISS - 2

Insurance in Spokane County Superior Court.  Farmers Insurance obtained dismissal on summary judgment.  Mr. Mosely then embarked on a letter-writing campaign directed to Defendant James Schiro, CEO of Zurich Financial Services (ZFS), as well as various other employees of ZFS affiliates.  ZFS is the "ultimate corporate parent of Farmers Group, Inc., which provides insurance management services to, but does not directly or indirectly own, Farmers Insurance Company of Washington."[1]  ZFS is domiciled abroad and is governed pursuant to Swiss law.

Plaintiff Terremore Trust, by and through *pro se* litigant Terrence Mosely, filed this action against Mr. Schiro and ZFS alleging four claims: (1) violation of 18 U.S.C. §§ 1962(a) and (d) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) violation of 18 U.S.C. § 1503 (obstruction of justice); (3) violation of Section 9A.56.130 of the Revised Code of Washington (extortion); and (4) fraud.  The basic premise of the Complaint is that the Defendants failed to respond to Mr. Mosely's previous demands in a satisfactory manner.  Terremore Trust is the named Plaintiff in this action rather than Mr. Mosely because, as he admits, Mr. Mosely lacks standing as an individual to bring this lawsuit.  Complaint, ¶ 3.3.

The Defendants now move to dismiss Plaintiff's Complaint on four independent grounds.  The Defendants argue Mr. Mosely, as a *pro se* litigant, cannot represent the Terremore Trust in an action in federal court.  Further, the Defendants move to dismiss for

---

[1] Plaintiff submitted no evidence to the contrary.

insufficient service pursuant to Fed.R.Civ.P. 12(b)(5), lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2), and failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).

## II.  DISCUSSION

### A.  *Terrence Mosely, as a pro se litigant, cannot act on behalf of Terremore Trust in this action.*

The general rule in federal litigation is that a non-attorney can represent himself on his own behalf.  *See* 28 U.S.C. § 1654 (stating that "[i]n all courts of the United States the parties may plead and conduct their own cases . . ."); *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).  Although an individual has the right to represent himself, an individual does not have the right to appear on behalf of anyone other than himself. *C.E. Pope Equity Trust*, 818 F.2d at 697 (citing *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962); *see also Kolefler v. United Bank of Bismark*, 20 F.3d 347 (8th Cir. 1994).  More specifically, a party's status as trustee does not include the right to present *pro se* arguments in federal court.  *C.E. Pope Equity Trust*, 828 F.2d at 698.

Here, Mr. Mosely refers to himself as the representative of Plaintiff Terremore Trust.  Mr. Mosely provided documentation showing himself as the creator of the Terremore Trust, but the record does not disclose the beneficiaries of the trust.  As a *pro se* litigant, Mr. Mosely has the right to represent himself, but this right does not include the authority to represent the Terremore Trust in matters before this Court.  If Mr. Mosely is in fact a trustee of the Terremore Trust, Mr. Mosely would have the right to sue in the

ORDER GRANTING MOTION TO DISMISS - 4

trust's name without joining those parties for whose benefit the suit is being brought. Fed.R.Civ.P. 17(a). This rule does not , however, extend to Mr. Mosely the right to maintain a lawsuit representing the trust *pro se*. *See C.E. Pope Equity Trust*, 828 F.2d at 698. Therefore, the Court concludes that Mr. Mosely, as a *pro se* litigant, cannot pursue claims for the Plaintiff Terremore Trust. Accordingly, the Defendants' motion to dismiss on this basis is granted.

### B. *Service of Process*

The Court cannot exercise personal jurisdiction over a defendant without proper service of process. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987). Insufficient service of process can result in dismissal under Federal Rule of Civil Procedure 12(b)(5). To determine whether service of process was proper, the Court looks to Federal Rule of Civil Procedure 4. Under Rule 4(h)(1), service upon a foreign corporation may be effected pursuant to the law of the state in which the district court is located, or by serving an officer, a managing or general agent, or any agent authorized by appointment or by law to receive service of process.

Here, Plaintiff attempted to serve Defendants ZFS and Mr. Schiro via substituted service by the OIC, pursuant to RCW 48.05.215 and RCW 48.15.150. No other attempt has been made to serve ZFS or Mr. Schiro. Pursuant to RCW 48.05.200, foreign and alien insurers are required to appoint the Insurance Commissioner as the agent for receipt of service. RCW 48.15.150 then allows for substituted service on a foreign insurer via the OIC with respect to "any cause

ORDER GRANTING MOTION TO DISMISS - 5

of action arising in [] [Washington] under any contract issued by []
[the unauthorized insurer] as a surplus line contract."  RCW
489.15.150(1).  RCW 48.05.215 allows for substituted service via the
OIC upon any "[unauthorized] foreign or alien insurer ... who ...
solicits insurance business in ... [Washington] or transacts
insurance business in [Washington][.]"  RCW 48.05.215(1).

These statutes are not applicable to the Defendants because
neither of the Defendants are an insurance company.  Mr. Schiro is an
individual, not an insurer.  ZFS maintains, and Plaintiff has not
presented any evidence to the contrary, that it is a holding company,
not an insurer.  Therefore, neither of the Defendants are subject to
the statutory provisions governing substituted service on foreign
unauthorized insurers.

Further, even if the Defendants were subject to service by the
OIC under RCW 48.15.150 and RCW 48.05.215, the attempted service by
the OIC would still be defective.  Pursuant to RCW 48.15.150(2), the
OIC must deliver the summons and complaint to the non-resident
insurer at its last known principal place of business.  The documents
naming Mr. Schiro and ZFS as defendants in this action were
improperly sent to Zurich American Insurance Company (ZAIC), a Zurich
North America company, located at 1400 American Lane, Schaumburg,
Illinois.  Neither Mr. Schiro nor ZFS reside or maintain an office at
that location.  Further, ZFS maintains, and Plaintiff has not
presented any evidence to the contrary, that ZAIC and the other
Zurich North America companies are entities distinct from both ZFS
and any Farmers Insurance entity.  Moreover, ZAIC and its employees,

ORDER GRANTING MOTION TO DISMISS - 6

including Daina Kojelis (the person to whom the Summons and Complaint were directed), are not authorized to accept service of process on behalf of Mr. Schiro or ZFS.  Therefore, even if service by the OIC was permissible in this instance, the attempted service would still be defective.  Since no other attempt has been made to serve the Defendants in accordance with Rule 4, and the attempted service was defective, the Court determines that Defendants' motion to dismiss pursuant to Rule 12(b)(5) is granted.

### C.    *Personal Jurisdiction*

Federal Rule of Civil Procedure 12(b)(2) governs dismissal for lack of personal jurisdiction.  Where the court bases its jurisdictional findings on affidavits and discovery materials without holding an evidentiary hearing, dismissal is appropriate only if the plaintiff has failed to make out a prima facie showing of personal jurisdiction.  *Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 850 (9th Cir. 1993).  It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant.  *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) ("*Unocal*").  "In order to exercise personal jurisdiction over a nonresident defendant in a case presenting a federal question, the district court must first determine that a rule or statute potentially confers jurisdiction over the defendant and then conclude that asserting jurisdiction does not offend the principles of Fifth Amendment due process."  *Id.* (citations and quotations omitted).  In some instances, a federal statute or rule may authorize service to obtain jurisdiction over a defendant.  RICO allows for nationwide service of process, 18 U.S.C.

ORDER GRANTING MOTION TO DISMISS - 7

§ 1865, but where, as in this case, proper service of the Defendants should have been effected outside the United States, RICO's service provisions do not apply.  *See Doe v. Unocal Corp.*, 27 F.Supp.2d 1174, 1184 (C.D. Cal. 1998).  Where the federal statute or rule on which an action is premised does not authorize service to obtain jurisdiction over a defendant, the Court looks to the state's long-arm statute. Fed.R.Civ.P. 4(k)(1)(A); *see also Unocal*, 248 F.3d at 922.

     "Washington's long-arm statute authorizes courts to exercise jurisdiction over nonresident defendants to the extent permitted by the due process clause of the United States Constitution." *MBM Fisheries Inc. v Bollinger Mach. Shop and Shipyard, Inc.*, 60 Wash.App. 414, 423, 804 P.2d 627, 632 (1991) (citing *Shute v. Carnival Cruise Lines*, 113 Wash.2d 763, 766, 783 P.2d 78 (1989)). Constitutional due process requirements are met when a nonresident defendant has "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).  There are two types of personal jurisdiction: general and specific.

     General personal jurisdiction applies when the defendant has "substantial" or "continuous and systematic" contacts with the forum state, and subjects the defendant to suit in the forum state even on matters unrelated to the defendant's activities within the forum state.  *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986).  "A court may exercise specific jurisdiction over a foreign defendant if his or her less substantial contacts with the

forum give rise to the cause of action before the court.  The question is 'whether the cause of action arises out of or has a substantial connection with that activity.'  *Hanson v. Denckla*, 357 U.S. 235, 250-253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)."  *Unocal*, 248 F.2d at 923.

### 1.  Specific Jurisdiction

The Ninth Circuit has a three-part test to determine whether specific personal jurisdiction comports with due process: "(1) the defendant must have done some act purposely to avail himself of the privilege of conducting activities in the forum; (2) the claim must arise out of the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable."  *Fields*, 796 F.2d at 302.  Where the defendant presents "a compelling case that jurisdiction would be unreasonable," there is no need to address the first two prongs of the test.  *Id.*  On the other hand, "[o]nce purposeful availment has been established, the forum's exercise of jurisdiction is presumptively reasonable.  To rebut that presumption, a defendant must present a compelling case that the exercise of jurisdiction would in fact be unreasonable."  *Roth v. Garcia Marquez*, 942 F.2d 617, 621-22 (9th Cir. 1991).

Here, Plaintiff has not made a prima facie case that the Court has specific jurisdiction over either of the Defendants by virtue of their various contacts with Farmers Insurance in Washington.  Plaintiff's Complaint does not allege facts showing ZFS or Mr. Schiro have purposefully availed themselves of the privilege of conducting business in Washington state.  Further, the Complaint does not allege

ORDER GRANTING MOTION TO DISMISS - 9

that ZFS or Mr. Schiro engaged in any of the alleged conduct giving rise to Mr. Mosely's claims.  Rather, this action is premised upon the Defendants' alleged failure to respond to Mr. Mosely's accusations of wrongful conduct by others.  Given these circumstances, the Court determines that it cannot exercise specific personal jurisdiction over the Defendants.

　　　　　2.　 <u>General Jurisdiction</u>

Plaintiff alleges that ZFS exercises "ultimate command and control functions" over a vast web of subsidiaries, including "Zurich North America" and Farmers Insurance.[2]  Complaint, ¶3.4.  Here, the Defendants' alleged contacts with Washington state are through its subsidiary, Farmers Insurance.  Therefore, the Court must engage in an initial inquiry to determine whether those contacts are properly attributed to the Defendant ZFS.

Generally, the mere "existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum."  *Unocal*, 248 F.3d at 925 (citing *United States v. Bestfoods*, 524 U.S. 51, 69, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998).  Further, "a parental corporation may be directly involved in the activities of its subsidiaries without incurring liability so long as that involvement is 'consistent with the parent's investor status[.]'" *Unocal*, 248 F.3d at 926 (citing

---

[2] The Defendants maintain that there is no corporate entity known as Zurich North America.  Furthermore, service of process was delivered in this case to ZAIC, which is not an agent of ZFS for the purpose of accepting service.

ORDER GRANTING MOTION TO DISMISS - 10

*Bestfoods*, 524 U.S. at 72, 118 S.Ct. 1876).  "Appropriate parental

involvement includes: 'monitoring of the subsidiary's performance,

supervision of the subsidiary's finance and capital budge decisions,

and articulation of the general policies and procedures[.]'" *Id.*

However, "if the parent and subsidiary are not really separate

entities, or one acts as agent of the other, the local subsidiary's

contacts with the forum may be imputed to the foreign parent

corporation." *Unocal*, 248 at 926 (citation omitted).  "An alter ego

or agency relationship is typified by parental control of the

subsidiary's internal affairs or daily operations." *Id.*

        a.   *Alter Ego*

"To demonstrate that the parent and subsidiary are not really

separate entities and satisfy the alter ego exception to the general

rule that a subsidiary and the parent are separate entities, the

plaintiff must make out a prima facie case (1) that there is such

unity of interest and ownership that the separate personalities of

the two entities no longer exist and (2) that the failure to

disregard their separate identities would result in fraud or

injustice." *Id.* (citations and quotations omitted).  Examples of an

alter ego include a parent corporation using its subsidiary to shield

itself from liability or a parent corporation dictating "every facet

of the subsidiary's business-from broad policy decisions to routine

matters of day-to-day operation." *Id.* (citations omitted).

Here, the Plaintiff does not argue and has not presented any

evidence that Farmers Insurance and Defendant ZFS are alter egos.

There is nothing in the record indicating ZFS controls the day-to-day

ORDER GRANTING MOTION TO DISMISS - 11

operations of Farmers Insurance agents in the state of Washington or that ZFS makes policy affecting ZFS local offices.

### b.    *Agency Relationship*

In order to satisfy the agency test for purposes of establishing personal jurisdiction, the plaintiff must demonstrate "that the subsidiary functions as the parent corporation's representative in that it performs services that are 'sufficiently important to the foreign corporation that if it did not have a representative to perform them, the corporation's own officials would undertake to perform substantially similar services.'"  *Unocal*, 248 at 928 (citations omitted).  In other words, if the subsidiary performs the functions that the parent would otherwise have to perform, "but for the existence of the subsidiary," an agency relationships exists. *Id.*

Here, ZFS contends that it does not have an agency relationship with Farmers Insurance because ZFS is a holding company rather than a parent corporation.  An agency relationship between a parent corporation and its subsidiary is distinguishable from a holding company and its subsidiary.  *Id.* at 929.  These two types of corporate relationships are distinguishable because

> "where a holding company is nothing more than an investment mechanism, i.e., a device for diversifying risk through corporate acquisitions, the subsidiaries conduct business not as its agents but as its investments.  The business of the parent is the business of the investment, and that business is carried out entirely at the parent level. Where, on the other hand, the subsidiaries are created by the parent, for tax or corporate finance purposes, there is not basis for distinguishing between the business of the parent and the business of the subsidiaries."

*Unocal*, 248 F.3d at 929 (citing *Bellomo v. Pennsylvania Life Co.*, 488

F.Supp.744, 745 (S.D.N.Y. 1980).

Here, Plaintiff does not make out a prima facie case that the Farmers Insurance companies in Washington are agents of ZFS for purposes of personal jurisdiction.  Plaintiff states merely that ZFS is the ultimate controller of all of the United States companies under it.  However, ZFS characterizes itself as a holding company, and Plaintiff presented no evidence to the contrary.  Furthermore, there is no evidence that ZFS would step in and perform the functions of Farmers Insurance if the subsidiary was not present in the state of Washington.  "At an irreducible minimum, the general agency test requires that the agent perform some service or engage in some meaningful activity in the forum state on behalf of its principal such that its presence substitutes for presence of the principal." *Unocal*, 248 F.3d at 930.  Plaintiff has presented no evidence of such.  ZFS does not maintain an office, sell insurance policies, pay taxes, or employ anyone in Washington.  ZFS does not administer, process, evaluate, adjust, approve, or deny claims on insurance policies issued to Washington Farmers Insurance policy holders. Based on the evidence presented, the Court cannot conclude that an agency relationship exists between ZFS and Farmers Insurance in Washington.  For the reasons discussed above, the Court determines it cannot exercise general jurisdiction over the Defendants. Accordingly, the Defendants' motion to dismiss for lack of personal jurisdiction is granted.

**IT IS HEREBY ORDERED:**

1.    To the extent indicated above, the Defendants' Motion to

ORDER GRANTING MOTION TO DISMISS - 13

Dismiss, **Ct. Rec. 18,** is **GRANTED.**

2.    This action is **DISMISSED WITHOUT PREJUDICE.**

3.    Any remaining pending motions are **MOOT.**

**IT IS SO ORDERED.**   The District Court Executive is hereby directed to enter this Order, furnish copies to counsel and the **Plaintiff,** and **CLOSE THE FILE.**

**DATED** this <u>10th</u> day of August, 2005.

s/ Fred Van Sickle
—————————————————
Fred Van Sickle
United States District Judge

ORDER GRANTING MOTION TO DISMISS - 14